IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DON ALLEN ERICKSON,

    Petitioner,

v.                                1:06CV5-MMP/AK

THOMAS S. FORTNER,

    Respondent.

_____/


**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner's § 2254 petition in which Petitioner seeks the "'immediate removal'" of his habeas corpus petition from the Florida Supreme Court, "'severing' its interest, this case will not be subject for reinstatement, though dismissed from ever being heard again." Doc. 1. The genesis of this request for "removal" is a letter from the Clerk of the Florida Supreme Court advising Petitioner that his "Emergency Application for Writ of Habeas Corpus...has been treated as a petition for writ of habeas corpus" and that he was being given additional time to file a "proper petition for writ of habeas corpus that complies with Florida Rule of Appellate Procedure 9.100" and cautioning him that failure to file a timely petition could result in dismissal and a bar on reinstatement of the case. *Id.* at Ex. A.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

It is clear that Petitioner has invoked available state court remedies but that he has not exhausted them, as there has been no ruling by the state court on the habeas petition. Therefore, the question is whether the failure of the state court to rule on the petition within approximately three months of its filing constitutes "circumstances...that render such process ineffective to protect the rights of the applicant."

Having carefully considered the matter, the undersigned recommends that the instant petition be dismissed for failure to exhaust. "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook v. Florida Parole and Probation Commission*, 749 F.2d 678, 680 (11th Cir. 1985).

In this Court's view, a three-month delay is neither unreasonable nor unexplained and therefore does not excuse exhaustion. The letter from the state court clerk merely advised Petitioner of the steps he needed to take to put his petition properly before the

court and the repercussions for failing to follow the court's filing requirements. There is nothing untoward or sinister in that caution, and Petitioner ignores it with full knowledge of the consequences.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 1, be **DISMISSED** for failure to exhaust available state court remedies.

**IN CHAMBERS** at Gainesville, Florida, this   2nd    day of March, 2006.


s/A. Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**